NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

WALID MAJDUB,

               Petitioner,

  v.

TODD BLANCHE, Acting Attorney General,

               Respondent.

No.  20-72650

Agency No. A078-072-869

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026**
San Francisco, California

Before: MURGUIA, Chief Judge, and KOH and H.A. THOMAS, Circuit Judges.

Petitioner Walid Majdub, a Muslim and ethnically Palestinian native and citizen of Israel, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his second motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition. We review the denial

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of a motion to reopen for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). The BIA "abuses its discretion when its denial is 'arbitrary, irrational, or contrary to law.'" *Id.* (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).

The parties agree that Petitioner's second motion to reopen is untimely and number-barred. A petitioner generally may file only one motion to reopen and must do so within ninety days of the final administrative order. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). This second motion to reopen was filed on November 8, 2019, more than four years after the final administrative order in this case was issued on April 13, 2015, when the BIA dismissed Petitioner's appeal from the underlying removal order entered by the Immigration Judge ("IJ").[1]

The time and number limit may be excused if the motion seeks relief based on "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). To prevail on a motion to reopen on the basis of changed country conditions, the petitioner must:

> (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief

---

[1] A previous panel of this court denied Petitioner's petition for review of the BIA's denial of Petitioner's first untimely motion to reopen. *Majdub v. Barr*, 771 F. App'x 752 (9th Cir. 2019).

sought."

*Agonafer*, 859 F.3d at 1204 (quoting *Toufighi v. Mukasey*, 538 F.3d 988 996 (9th Cir. 2008)); *see also Najmabadi v. Holder*, 597 F.3d 983, 987–90 (9th Cir. 2010).

Petitioner's second motion to reopen, filed on November 8, 2019, asserted that country conditions had changed in Israel because of: (1) violence by Islamic extremist groups, such as the Muslim Brotherhood or the Northern Islamic Movement, as well as from individual terrorists, and (2) increased violence against Palestinians by Jewish groups. We address both in turn.

First, the BIA did not abuse its discretion in concluding that Petitioner's evidence regarding violence from Islamic extremist groups failed to demonstrate materially changed country conditions. The BIA compared Petitioner's new evidence with the Department of State's 2012 Israel country report ("2012 report") and other evidence before the IJ and observed that the 2012 report already described violence by Islamic extremist groups, such as Hamas, as well as Hamas's enforcement of a strict interpretation of Islam. The fact that the 2012 report does not mention the Muslim Brotherhood or the Northern Islamic Movement by name, or lone-actor attacks by individuals, does not render the BIA's conclusion "arbitrary, irrational, or contrary to law" such that it constitutes an abuse of discretion. *Agonafer*, 859 F.3d at 1203 (quoting *Singh*, 295 F.3d at

3

1039).[2]

Second, the BIA did not abuse its discretion in concluding that Petitioner's new evidence regarding violence from Jewish groups against Palestinians and discrimination against Arab citizens of Israel did not demonstrate changed country conditions. The BIA found that at Petitioner's hearing before the IJ, Petitioner had raised evidence of similar conditions of "harassment and violence carried out by Jews against Palestinians," and the 2012 report documented similar violence and discrimination. Thus, the BIA did not abuse its discretion in finding that Petitioner's new evidence does not show material change in country conditions. *Agonafer*, 859 F.3d at 1203.

Contrary to Petitioner's argument the BIA, in reaching both conclusions, did not require Petitioner to establish the existence of an "entirely new conflict." Instead, the BIA's decision evaluated whether "the risk of harm [Petitioner] faces from Muslim extremists is qualitatively different from that which existed during his removal proceedings" and whether the new evidence of "attacks against

---

[2] Petitioner also claims that his motion to reopen presents evidence regarding violence by Islamic extremist groups within Israel, whereas before Petitioner only presented evidence regarding such violence within the Gaza Strip. Because Petitioner did not raise the issue of the location of this violence with the BIA and the government argues that the petition failed to exhaust this issue, we do not consider it on appeal. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (declining to consider an issue because the petitioner failed to raise the issue before the BIA and therefore "failed to exhaust" it).

4

Palestinians by Jewish groups" that Petitioner submitted qualified as a "significant deterioration of conditions that could justify reopening of proceedings." As such, the BIA correctly evaluated whether Petitioner presented evidence of changed country conditions that established that "'circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim' now does." *Agonafer*, 859 F.3d at 1204 (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)).

Finally, the BIA did not abuse its discretion in determining that the new evidence Petitioner presented did not establish prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture ("CAT"). *See Agonafer*, 859 F.3d at 1204. As to asylum and withholding, Petitioner did not challenge the BIA's prior conclusion that Petitioner failed to provide proof that the Israeli government is unable or unwilling to control Muslim extremists. As to CAT, Petitioner did not challenge the IJ's prior finding that Petitioner had not shown that he would more likely than not be tortured in Israel. Therefore, the BIA did not abuse its discretion in holding that even if Petitioner's brother's letters describing threats from members of the Islamic Alaietisam Group established that the group "intends to harm [Petitioner]," that evidence still did not establish prima facie eligibility for the relief that Petitioner seeks. Thus, the BIA's denial of Petitioner's motion to reopen was not "arbitrary, irrational, or contrary to

5

law" such that it abused its discretion. *Agonafer*, 859 F.3d at 1203 (quoting *Singh*, 295 F.3d at 1039).

**PETITION DENIED.**[3]

---

[3] Petitioner's motion for a stay of removal (Dkt. No. 1) and supplemental motion for a stay of removal (Dkt. No. 9) are denied. The temporary stay of removal remains in place until the mandate issues.